UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8168 FMO (RAOx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | Leslie Vasquez v. Strada Vecchia Management, LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On August 30, 2016, Leslie Vasquez ("plaintiff") filed a complaint in the Los Angeles County Superior Court against Strada Vecchia Management, LLC ("defendant"), (see Dkt. 1-1, Complaint), asserting various state-law claims. (See id. at ¶¶ 21-80). Defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and 1441. (See Dkt. 1, (Notice of Removal ("NOR") at ¶ 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013)

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-8168 FMO (RAOx)** | Date | **December 15, 2016** |
|---|---|---|---|
| Title | **Leslie Vasquez v. Strada Vecchia Management, LLC** | | |

(same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  See 28 U.S.C. § 1332(a).

There is no basis for subject matter jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332(a).[3]  Defendants bear the burden of proving by a preponderance of the evidence that the amount in

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction.  (See Dkt. 1, NOR at 1).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-8168 FMO (RAOx)** | Date | **December 15, 2016** |
|---|---|---|---|
| Title | **Leslie Vasquez v. Strada Vecchia Management, LLC** | | |

controversy meets the jurisdictional threshold of $75,000. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See, generally, Dkt. 1-1, Complaint at pp. 14-15 ("Prayer for Relief")).

Even accepting defendant's contentions regarding plaintiff's potential ability to collect on her employment, labor code, and unfair business practices claims, (see Dkt. 1, NOR at ¶¶ 22-28), the amount for such claims falls below the jurisdictional threshold. (See id.); see also 28 U.S.C. § 1332(a). Perhaps recognizing that this amount falls below the jurisdictional threshold, defendant asserts that attorney's fees should also be considered. (See Dkt. 1, NOR at ¶¶ 27-28).

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109, at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, Dkt. 1, NOR at 8-9). Thus, defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-8168 FMO (RAOx)** | Date | **December 15, 2016** |
|---|---|---|---|
| Title | **Leslie Vasquez v. Strada Vecchia Management, LLC** | | |

incurred in the future[, and] [b]ald assertions are simply not enough").

     Defendant further contends that plaintiff seeks punitive damages that must be considered in the amount in controversy determination. (See Dkt. 1, NOR at ¶ 24). While punitive damages may be included in the amount in controversy calculation, see Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104, 122 S.Ct. 903 (2002), plaintiff's request for such damages does not aid defendant. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." Burk, 348 F.Supp.2d at 1069. A removing defendant may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases." Id.

     Here, because defendant has not provided evidence of punitive damages awards in factually similar cases, (see, generally, Dkt. 1, NOR at ¶ 24), inclusion of punitive damages in the amount in controversy would be improper. See Burk, 348 F.Supp.2d at 1070 (defendant "failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount"); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. . . .  Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.") (citation omitted)).

     Defendant's reliance on plaintiff's prayer for emotional distress damages, (see Dkt. 1, NOR at ¶ 23), is similarly unpersuasive. Even if emotional distress damages are potentially recoverable, plaintiff's Complaint does not allege any specific amount for her emotional distress claims (or as general damages), (see, generally, Dkt. 1-1, Complaint), and it would therefore be speculative to include these damages in the total amount in controversy. See Cable v. Merit Life Ins. Co., 2006 WL 1991664, *3 (E.D. Cal. 2006) (Defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case."). Further, defendant fails to provide any analogous cases with substantially similar factual scenarios that might guide the court as to the amount of emotional distress damages that might be recovered in this case. (See, generally, Dkt. 1, NOR at ¶ 23); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims."); Dawson v. Richmond Am. Homes of Nevada, Inc., 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to demonstrate that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-8168 FMO (RAOx) | Date | December 15, 2016 |
|---|---|---|---|
| Title | Leslie Vasquez v. Strada Vecchia Management, LLC | | |

the [proffered analogous] suit is factually identical [to plaintiffs' suit.]").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded under the circumstances here that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted); Valdez, 372 F.3d at 1117 (defendant has the burden of "establishing that it is more likely than not that the amount in controversy exceeds [$75,000].") (internal quotation marks omitted).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |